Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alia Ashfaq,<br><br>    Plaintiff,<br>v.<br><br>Walt Disney Parks and Resorts US, Inc.,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Alia Ashfaq ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Walt Disney Parks and Resorts US, Inc. ("Disney Parks") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff equal access to Disney California Adventure Park located in Anaheim, California ("California Adventure Park").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Disney Parks is a Florida Corporation with its principal place of business in the state of Florida. At all times relevant to this complaint, Disney Parks did business in the State of California. Plaintiff believes that Disney Parks owned, managed, operated, and/or otherwise was responsible for California Adventure Park.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that California Adventure Park is in this district and Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

6. Plaintiff is disabled. Plaintiff suffers from a disability and/or medical condition(s) that is/are a disability or are disabilities. Plaintiff suffers from, among other things osteoarthritis, rheumatoid arthritis, herniated discs in her neck and back, post-traumatic stress disorder, depression, and anxiety. Plaintiff has been considered disabled since 1998.

7. Plaintiff displays a valid California disabled license plate on her vehicle.

8. Plaintiff utilizes a service animal, a dog, to help with the challenges resulting from Plaintiff's disability, which Plaintiff deals with on a daily basis.

9. Plaintiff's service animal is specifically trained, to, among other things, detect signs of an anxiety attack before it happens and apply deep pressure therapy, tactile stimulation, as well as provide crowd control and panic prevention in public. The tasks Plaintiff's service animal is specifically trained to do significantly improve Plaintiff's quality of life and allow her to better and more confidently function in public.

10. As a service dog handler, Plaintiff has also received training, so that she has the tools she needs to get the most out of the tasks her service dog is trained to perform.

11. On December 6, 2022, Plaintiff went to visit California Adventure Park in Anaheim, California with her service animal and her son.

12. Plaintiff is a Magic Key holder and scheduled her visit in advance, specifically noting that she required disability access during her visit.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13. After parking her car at the Toy Story parking lot, Plaintiff was using her walking stick as she walked with her service animal and son when she was approached by a security officer.

14. The Disney Parks security officer informed Plaintiff that Plaintiff would not be allowed into the park with her service dog.

15. Plaintiff calmly informed the security officer that her dog was a trained service animal and that she had travelled an hour to the park.

16. The security officer would not relent and made it clear he was denying Plaintiff access to the park facilities.

17. Plaintiff asked for a supervisor, and when the supervisor got involved, Plaintiff continued to face discrimination because of the presence of her service animal.

18. Plaintiff was deeply embarrassed with her interactions with the Disney Parks security staff because there were people around gawking at Plaintiff. It seemed that the people were thinking Plaintiff must have been some type of criminal or worse.

19. Encountering such blatant and unrelenting discrimination, Plaintiff insisted that her son proceed into the park to enjoy his visit while Plaintiff waited out in the car with her service animal.

20. Disney security returned to Plaintiff's car and began obsessively observing her actions, and only left Plaintiff alone after Plaintiff bravely protested their treatment of her.

21. Plaintiff ultimately left the park with her son and service animal around 7:49 pm that night, having spent most of her day inside her car with her service animal.

22. The victim of disability discrimination, Plaintiff sadly never had the opportunity that day to enjoy all that California Adventure has to offer.

23. Plaintiff lives in Los Angeles and would like to return to California Adventure and other parts of Disney Parks' theme park property, such as Disneyland and Downtown Disney, once Defendant ceases its discriminatory conduct.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

24. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated

herein.

25. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

26. California Adventure Park is a public accommodation.

27. California Adventure Park is an amusement park or other place of recreation.

28. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

29. Disney Parks has a policy that restricts and denies access to patrons like Plaintiff.

30. Disney Parks' conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

31. As a result of Disney Parks' conduct, denying Plaintiff equal access to California Adventure Park, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to California Adventure Park.

32. It is readily achievable for Disney Parks to provide Plaintiff and other disabled people like Plaintiff full and equal access to California Adventure Park.

33. Disney Parks does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

34. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize California Adventure Park, in light of Disney Parks' conduct.

35. Disney Parks' acts have proximately caused and will continue to cause irreparable injury

to Plaintiff if not enjoined by this Court.

36. Plaintiff seeks injunctive relief as to Disney Parks' inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

37. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

38. Disney Parks intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to California Adventure Park.

39. California Adventure Park is a business establishment.

40. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

41. Disney Parks' acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. Plaintiff was harmed.

43. Disney Parks' conduct was a substantial factor in causing Plaintiff's harm.

44. Disney Parks' conduct violated the ADA.

45. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Disney Parks from violating disabled persons' rights.

# **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Disney Parks from engaging in unlawful discrimination against disabled persons with service animals when visiting its parks in Anaheim, California, including, specifically, enjoining its policy of denying access to persons with service animals access to the parks without performing a good faith assessment of the reasonableness of modifying its policies to accommodate such disabled person; in addition to injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: February 3, 2023                                              Law Office of Rick Morin, PC

                                                                     _____
                                                                     Richard Morin
                                                                     Attorney for Plaintiff